## 21903. WILEY *v.* THE STATE.

DECIDED JANUARY 12, 1932. REHEARING DENIED FEBRUARY 16, 1932.

LUKE, J. Henry Wiley was convicted of burglary under a special presentment charging him, his son, Miles Wiley, and Miles's wife, Mary, with that offense. Mary pleaded guilty, and Miles was tried and found guilty. Henry, the movant in this case, was likewise found guilty. He excepts to the judgment overruling his motion for a new trial.

Upon the trial, Mary Wiley stated that she carried some of the stolen articles to Henry's home and told him that her grandmother had given them to her, and that Henry had nothing whatever to do with stealing these articles or with carrying them to his house. There was testimony that Henry was working the greater part of the time several miles from where he lived, and that he usually went home only at the end of the week. However, the man for whom Henry was working could not say whether or not Henry was at home when the burglary was committed. Henry stated to the jury that he was not at home when the burglary was committed near his house; that Mary Miles, his daughter-in-law, brought said articles to his house and told him that her grandmother had given them to her; and that he knew nothing further about them.

We have only undertaken to give a bird's-eye view of the case. It is apparent that the defendant's guilt depends at last upon the theory of "recent possession;" and we confess that we are not greatly impressed with the strength of the State's case in this re-

gard. However, since some of the articles stolen from Wingfield's dwelling were found in the defendant's home at no great time after the burglary, and the defendant knew that they were there, we feel constrained to leave the question of "recent possession" with the jury, and to overrule the general grounds of the motion for a new trial.

The special grounds are so nearly identical with those in the case of *Wiley* v. *State,* ante, that we shall content ourselves here with making reference to that case, and holding in the case at bar that no special ground discloses reversible error.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*